FILED

2008 Mar-28  PM 02:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES C. MOORER,** | **)** |
| | **)** |
| **Plaintiff,** | **)** |
| | **)** |
| **v.** | **)   CIVIL ACTION NO.:** |
| | **)   5:07-CV-01433-VEH** |
| **MICHAEL J. ASTRUE,** | **)** |
| **Commissioner of Social Security** | **)** |
| **Administration,** | **)** |
| | **)** |
| **Defendant.** | **)** |

## MEMORANDUM OPINION

Plaintiff James C. Moorer (hereinafter "Mr. Moorer") brings this action

pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.  He seeks review

of a final adverse decision of the Commissioner of the Social Security Administration

(hereinafter "Commissioner" or "Secretary"), which denied his application for

Supplemental Security Income (hereinafter "SSI") and Disability Insurance Benefits

(hereinafter "DIB").[1]  Mr. Moorer timely pursued and exhausted his administrative

remedies available before the Commissioner.  The case is ripe for review pursuant to

42 U.S.C. § 405(g), § 205(g) of the Social Security Act.

---

[1]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully
applicable to claims for SSI.

## FACTS AND PROCEDURAL HISTORY

Mr. Moorer was 34 years old at the time of his hearing before the Administrative Law Judge (hereinafter "ALJ").  (Tr. 123).  His education is limited to having only reached the ninth grade.  (Tr. 128).  His past work experience includes tile work, farm work, and saw mill work.  (Tr. 127).  Mr. Moorer claims disability due to neck and back pain, with an alleged onset date of February 2, 2004.  (Tr. 124).  He attempted to work a couple of jobs in the year following his alleged onset date, but was unable to sustain the employment due to his pain.  (Tr. 133).  The last date Mr. Moorer was employed is not stated in the record.

Mr. Moorer protectively filed a Title II application for a period of disability and DIB, as well as a Title XVI application for SSI, on February 8, 2005.  (Tr. 18).  His claims were initially denied on April 12, 2005.  (*Id.*).  Mr. Moorer filed a timely request for a hearing before an ALJ on April 29, 2005.  ( *Id.*).  The hearing took place on September 7, 2006.  (Tr. 119).  The ALJ determined that Mr. Moorer was not disabled and denied his claim on October 16, 2007.  (Tr. 22).

Mr. Moorer filed a complaint on August 6, 2007, asking this court to review the decision of the ALJ.  (Doc. 1). This court has carefully considered the record and affirms the decision of the ALJ.

## STANDARD OF REVIEW[2]

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  *Richardson v. Perales,* 402 U.S. 389, 390, 41, 91 S. Ct. 1420, 1421, 1432, 28 L. Ed. 2d 842 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*  Substantial evidence is "more than a scintilla, but less than a preponderance." *Bloodsworth*, 703 F.2d at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish the entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the

---

[2]In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

Regulations promulgated thereunder.[3]   The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."   20 C.F.R. § 404.1505(a).   To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."   20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(4)(i-v).   The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;
(2)   whether the claimant has severe impairment;
(3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)   whether the claimant can perform her past work; and
(5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R.

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 51 (7th Cir. 1999); *accord*, *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.   If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).   The Commissioner must further show that such work exists in the national economy.   *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ determined that, although Mr. Moorer had earnings in the amount of $4,544.54 for the year 2005, he had not engaged in substantial gainful activity since the alleged onset date of February 2, 2004.   (Tr. 20).   The ALJ then determined that the objective medical evidence failed to establish the existence of a medically determinable impairment that could reasonably be expected to produce Mr. Moorer's symptoms.   (*Id.*).   Having not satisfied the second step of the five-step process under 20 C.F.R. § 404.1520(a)(4)(i-v), Mr. Moorer was deemed to have not been under a disability. (Tr. 21).   The ALJ concluded that Mr. Moorer was not eligible to receive DIB under §§ 216(i) and 223(d) of the Social Security Act or SSI payments under § 1614(a)(3)(A) of the Social Security Act.   (Tr. 22).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence.  42 U.S.C. § 405(g).  "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4]  Mr. Moorer alleges that "substantial evidence does not support the decision denying disability benefits, and [that] improper legal standards were applied." (Doc. 9 at 4).  However, Mr. Moorer's only argument in support of this contention is that the ALJ erred in failing to properly develop the record. (Doc. 9 at 7).  In its review, this court finds that the ALJ's decision was supported by substantial evidence and that the ALJ applied the correct legal standard.

## I.   THE ALJ'S REFUSAL TO ORDER A CONSULTATIVE ORTHOPEDIC AND PSYCHOLOGICAL EVALUATION DID NOT CONSTITUTE REVERSIBLE ERROR IN FAILING TO PROPERLY DEVELOP THE RECORD.

The ALJ has a duty to develop the record fully and fairly. *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422-23

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(11th Cir. 1997)).  In order to be supported by substantial evidence, the ALJ must

have before him sufficient facts upon which to make an informed decision.  *Ford v.*

*Sec. of Health & Human Serv.*, 659 F.2d 66, 69 (5th Cir. 1981).  The Regulations

permit the ALJ to order a consultative examination when the claimant's medical

sources cannot or will not give sufficient medical evidence regarding the claimant's

impairment to make an informed decision regarding disability.  20 C.F.R. § 404.1517.

The Eleventh Circuit has recognized that "[i]t is reversible error for an ALJ not to

order a consultative examination when such an evaluation is necessary for him to

make an informed decision."  *Reeves v. Bowen*, 841 F.2d 383, 385 (11th Cir. 1988)

(citing *Ford*, 659 F.2d at 69); *see also Caulder v. Bowen*, 791 F.2d 872, 878 (11th

Cir. 1986) (requiring the ALJ to order a consultative examination when it is

recommended by a physician and fills a gap in the material facts).  However, the

Eleventh Circuit has also held that the ALJ's duty to develop the record does not

include ordering a consultative examination when the record contains sufficient

evidence upon which the ALJ can make an informed decision.  *Ingram v. Comm'r of*

*Social Sec. Admin*, 496 F.3d 1253, 1269 (11th Cir. 2007).

In this case, Mr. Moorer's non-attorney representative requested that the ALJ

order an orthopedic and psychological examination on account of missing emergency

room records and other medical records that Mr. Moorer had been unable to obtain

prior to his hearing.  (Tr. 121, 139).  Mr. Moorer contends that it was error for the

ALJ to deny the request for an orthopedic consultative examination and that no

reason was given for such denial.  (Doc. 9 at 7-8).  However, the ALJ clearly stated

during the hearing that he would make a decision whether to order the examinations

if necessary based upon emergency room records that were to be submitted to him

within 10 days of the hearing.  (Tr. 139).  These records were timely submitted to the

ALJ and cited within the ALJ's opinion as Exhibit 3F.[5]  (Tr. 21).  The ALJ found that

the emergency room records, which were from Mr. Moorer's fall from a porch,

indicated only that Mr. Moorer had a lower back strain.  (*Id.*).  Based upon this

diagnosis, the ALJ concluded that there was no indication that the lower back strain

was a serious impairment or that it would last for more than 12 months.  (*Id.*).

Additionally, the ALJ concluded that the other medical and laboratory findings failed

to substantiate the level of physical impairment claimed by Mr. Moorer.  (Tr. 20-21).

Thus, the ALJ made an informed decision upon sufficient facts, which eliminated the

need for a consultative orthopedic evaluation.

The ALJ found that there was no need for a psychological consultative

examination as requested, due to Mr. Moorer not exhibiting any mental difficulties

---

[5]During the hearing, The ALJ noted that, when received, the emergency room records would be added to the record as Exhibit 3F.  (Tr. 122).

and the lack of any record of complaints that would suggest otherwise. (Tr. 21). This is contrary to Mr. Moorer's assertion that the ALJ's refusal to order the requested examination was based solely upon the fact that he had performed prior work at the semi-skilled level.[6] (Doc. 9 at 8). While the ALJ did consider Mr. Moorer's prior work experience as a factor in determining that there was no mental retardation and thus no need for a psychological examination, this decision was based upon the medical evidence as a whole. (Tr. 21). In fact, the ALJ also based his final determination on the lack of any need for this examination on the receipt of emergency room records as previously discussed. (Tr. 138, 139). Therefore, the ALJ's decision was an informed one based upon sufficient facts, and there was no reversible error in refusing to order the consultative psychological examination.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and the Commissioner applied the proper legal

---

[6]Plaintiff in his brief cites the fact that the ALJ, at the hearing, erroneously referred to his prior experience level consisting of "skilled" work. (Doc. 9 at 8; *see also* Tr. 138). However, in his opinion, the ALJ correctly states that Mr. Moorer's prior work experience is at the semi-skilled level. Thus, the ALJ applied the correct standard, and to the extent the ALJ stated the correct prior experience level in his written decision, his error on the record of the hearing stating the wrong prior experience level is harmless. *See Diorio v. Heckler*, 721 F.2d 726, 727 (11th Cir. 1983) (holding that a statement of the wrong age standard constitutes harmless error when the correct standard was actually applied).

standard.  Accordingly, the decision of the Commissioner will be affirmed by separate

order.

       **DONE** and **ORDERED** this the 28th day of March, 2008.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge